*467 The opinion of the Court was delivered by
O’Neall, 0. J.
In this case the plaintiff must have right of property, or right of possession, to entitle him to recover. It seems to me he has neither. The title, when he bought, was in the mortgagee, and so was the right of possession, even against the mortgagor. Eor after condition broken, which was the case here, the mortgagee, the defendant, had the right of possession. But it has been contended here that the arrest under the cci. sa., and a discharge under the - Insolvent Debtors’- Act, was an extinguishment of the plaintiff’s debt. That may be so between the plaintiff in execution and his debtor, Werner, and yet it may not help the plaintiff in this case. (When I thus concede the plaintiff’s assumption, I do it merely to enable me more easily to meet his argument of right, thus arising as he supposes.) (It may be necessary hereafter to show, that the plaintiff’s assumption, even between a debtor and creditor, cannot in all respects be maintained.) The mortgagee, on the 21st July, 1859, seized the slave under his mortgage. At that time • Werner had filed his schedule containing the mortgaged slave, he having been previously arrested under a ca. sa. at the suit of this defendant; he was not discharged until October. The plaintiff bought on the 6th of June, 1859, under a junior execution. These facts. show that the plaintiff had, when he bought, no title ; for Bredeman was then the owner under his mortgage, and what has occurred since cannot be tacked to the plaintiff’s title, so as to give it effect. If he had an imperfect title from Werner, and he subsequently acquired a good one, then it might, even at law, by uniting that with the previous good one, make the right of the purchaser secure, as in Garey vs. Reeder, 4 McC.
I propose now to examine the question of satisfaction or extinguishment. In the case of Mazyck and Bell vs. Coil, 3 Rich. 236, the opinion was delivered by myself nearly twenty-seven years ago, with the concurrence of Johnson, J., *468 and Martin, J., who was sitting for Harper, J., and overruled the doctrine that an arrest under a ca. sa. was satisfaction of a debt. It was'shown, I think satisfactorily, that during the arrest, it was a suspension of - any further remedy' by process of execution. In 1833 the same principle,was again affirmed by Johnson, J., with the concurrence of O’Neall and Harper, JJ., in the case of Schroter vs. Crawford, (in anote,) 3 Rich. 241, and from that time forward I regarded the matter settled. In this case it ought to be remarked, the defendant has not sought the aid of the process of the Court, he has simply taken his own property into possession, and there is therefore no question of satisfaction or extinguishment, which he has to meet before' he can have his remedy. ' It may be that if the party had brought the fact to the notice of the Court pending his arrest, he might have been discharged on showing that the slave thus taken into'possession was equal to' Bréd'eman’s debt, or if not, then to have had his debt reduced'by a deduction equal to the value of the slave.- But he did neither, and I do not see hów the pláintiff, Hamilton, is to be helped by the discharge of Werner under the Insolvent Débtór's’ Act. ■ Eor as is said in Hobart, at page 59, “ It is not actual satisfaction :' no not between the'partiés'accordingffo Hillairie's case, 33 H. 6, 47, for without doubt it is no satisfaction to common speech nor to a foreign plea.” The attempt to set it up by the plaintiff’ Hamilton, is the same as a foreign plea. But I put the whole doctrine of satisfaction* out of the question. The true notion between debtor and creditor is, after a discharge under the Insolvent Debtors’ Act, the legal remedies by process are gone, taken away; but there is nothing in the whole body of the'law which deprives a creditor of any right of property which, by virtue of his debt, he acquired before the discharge of his debtor.
1 ■ In this case, the acquisition of the slave is the same as if the-debtor and mortgagor, pending the arrest, had with his own hand put the slave in Bredeman’s, the mortgagee’s, pos *469 session. Who could have disputed his title thus acquired ? His subsequent 'discharge would not have touched it. How can it now ? The seizure and possession are the legal incidents of the mortgage executed 9th October, 1857, and legally recorded.
The case of Pettus vs. Smith, 4 Rich. Eq. 198, 202, is in affirmance of the principles for which I am contending. At 202, my brother Johnston says, “ An arrest” (under a ca. sa. of which he was speahing) is a merely conditional satisfaction. It is a satisfaction if it produces payment, or if the debtor be not released.”
Without pursuing the matter further, we. are satisfied that the plaintiff cannot recover ; and it is therefore best to end the litigation. A nonsuit is ordered.
Johnston and Wardlaw, JJ., concurred.

Motion granted.